CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
Erin Murphy (Bar No. 285087)
(E-Mail: Erin_Murphy@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
RICHARD RANDALL FLETES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD RANDALL FLETES,<br><br>Defendant. | Case No. 2:23-CR-00556-MEMF<br><br>**JOINT MOTION IN LIMINE TO ADMIT OR EXCLUDE PORTIONS OF JAIL CALLS; APPENDIX 1** |

Defendant, Richard Randall Fletes, by and through his counsel of record, Deputy Federal Public Defender Erin Murphy, hereby files this Joint motion *in limine* to admit and/or exclude statements from trial jail calls produced by the government. The parties have met and conferred on this issue in good faith, and have narrowed the issues down to those in this joint motion. This motion is based upon the attached memorandum of points and authorities, all files and records in the case, and any further evidence and argument as may be presented at the hearing on this motion.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: November 10, 2024    By /s/ *Erin Murphy*
Erin Murphy
Deputy Federal Public Defender
Attorney for RICHARD RANDALL FLETES

DATED: November 10, 2024    By /s/ *Alexander Tran*
Alexander Tran
Assistant United States Attorney
U.S. Attorney

# I. SUMMARY OF PARTIES' POSITIONS

The government seeks to admit a number of clips from jail calls purportedly between Mr. Fletes and other speakers. Following several discussions, the parties agree that many of the clips are admissible. But the defense seeks to exclude one of the government's clips (Clip #1) in its entirety. (*See* Appendix.)

The defense separately seeks to introduce additional clips, some of which the government does not oppose, but others the government objects to playing. The defense's objection to the government's Clip #1 is addressed first, and then the government's objections to the defense's proposed clips (Clips #4, 5) is addressed second. An appendix with draft transcripts of the clips is attached here for the Court's review.

# II. GOVERNMENT'S PROPOSED CLIP[1]

## A.  Defense Position on Clip #1[2]

The government seeks to introduce a jail call between Mr. Fletes and other people. The defense objects to Clip #1 cited in the attached Appendix 1. It is irrelevant. Fed. R. Evid. 401. Even if marginally relevant, it should be excluded under Federal Rule of Evidence 403[3] because it is unfairly prejudicial, and amounts to improper character evidence. Fed. R. Evid. 401, 403, 404.

In Clip #1, the government would have the jury hear what the government believes is Mr. Fletes bragging about being arrested. Even if that is what is happening in this call, bragging about the details of an arrest does not make any material fact in this case more or less true. It does not, as the government argues, show consciousness of guilt; it simply shows, at worst, Mr. Fletes speaking poorly of the police, and

---

[1] Draft transcripts provided by the government for these clips are included in Appendix 1.

[2] The government agrees to the modifications defense requested during our meet and confer for Clips ##2 and 3, so the defense does not include its objection here, but includes those clips and the government's position for the Court's understanding.

[3] All further references to any "Rule" is to the Federal Rules of Evidence.

1

commenting on the number of police at the scene. More significantly, and what the jury will focus on, is the inference that some officers were familiar with Mr. Fletes and his family and vice versa, and he spoke of the police in a way that many people would find unsavory. This tells the jury that Mr. Fletes (and his family) had contacts with the police in the past, and that he uses inflammatory language to describe police. None of this shows consciousness of guilt for the instant offense. Even if it did, it is too prejudicial under Rule 403, and amounts to improper character evidence, which is also forbidden under Rule 404(a)(1).

If the Court finds any portion of Clip #1 relevant under Rule 401, we request that Mr. Fletes's inflammatory language be redacted and inaudible for the jury. Under Rule 403, this language—and any inferences drawn from it—would unfairly prejudice Mr. Fletes and risk misleading or confusing the jury, as it has no bearing on the charges and serves only to inflame.

**B.       Government Position Supporting Clip #1**

The government may introduce statements of defendant on his recorded jail calls with others. As a threshold matter, the government may offer statements of defendant. These statements are not hearsay. When offered by the government, statements by a defendant are statements by a party opponent and are not hearsay under Federal Rule of Evidence 801(d)(2). In contrast, a defendant is not entitled to elicit his own prior statements from other witnesses or recordings under Federal Rule of Evidence 801(d)(2), because such statements are hearsay when offered by the defendant. *See United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000). To permit otherwise would place a defendant's statements "before the jury without subjecting himself to cross-examination, precisely what the hearsay rule forbids." *See id.* The rule of completeness also does not entitle a defendant to elicit his own inadmissible hearsay statements. In *Ortega*, the Ninth Circuit held that non-self-inculpatory statements, even if made contemporaneously with other self-inculpatory statements, are

2

inadmissible hearsay, and the rule of completeness does not allow for admission of that inadmissible hearsay. *Id.* at 682; *accord United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996) (holding that Fed. R. Evid. 106 does not compel admission of otherwise inadmissible hearsay).

Clip #1 is relevant and admissible under Fed. R. Evid. 401 and 403. First, Clip #1 is relevant and admissible as it reflects defendant's knowledge of his arrest and lack of concern about his conduct. If, as one example, defendant's defense is that he was unlawfully arrested for his drug distribution crime, the jury is entitled to hear defendant's statements that he felt "spoiled" when he was arrested by LAPD. Indeed, the meaning and tone behind defendant's statements are missing from the transcript and tend to show that defendant was unconcerned (and potentially gleeful) about his conduct, thus, reflecting his consciousness of guilt and/or intent. These non-hearsay statements are admissible as an admission of a party opponent under 801(d)(2), and the probative value is not substantially outweighed by any unfair prejudice. Indeed, courts have recognized that a recording should not be excluded where its probative value outweighs the potential prejudicial impact of the profanity in the recording. *See United States v. Meling*, 47 F.3d 1546 (9th Cir. 1995) (affirming admission of taped phone conversations "containing profanity" because they showed the defendant's "consciousness of guilt"). The probative value of defendant's statements and impressions after his arrest outweigh any prejudice.[4] Once the government has satisfied the requirements of authenticating these jail calls, the "the probative value of the evidence is a matter for the jury." *United States v. Gadson*, 763 F.3d 1189, 1204 (9th Cir. 2014).

---

[4] The government would have no objection to a limiting instruction reminding the jury that the profanity is not to be taken as evidence of the defendant's bad character and that the jury is to consider the recordings only as evidence of whether the defendant committed the crimes charged.

3

## III. DEFENSE'S PROPOSED CLIPS[5]

### A. Government Position Disputing Clips #4 & 5[6]

The government objects to the defendant's introduction of the jail call identified as USAO000363 as Clips #4 and 5. The defendant seeks to introduce clips from a jail call between Mr. Fletes and another person. However, the defendant is not permitted to elicit his own prior hearsay statements. These statements are hearsay and are inadmissible because the government does not plan to introduce any statements from the jail call identified as USAO000363, and therefore, these statements cannot be admitted under the rule of completeness under Fed. R. Evid. 106. Permitting these statements would allow the defendant to testify without being subject to proper cross-examination.

These statements are self-serving hearsay statements from defendant that are not admissible. Contrary to defendant's position, the recorded statements "I need from the sober up" and "I'm going to sober up" are inadmissible hearsay because they are out of court statements offered to prove the truth of the matter asserted (i.e., that defendant is going to "sober up"). Defendant's proffered reason that he wants to admit these clips to show that he was using drugs can only be true if the out of court assertion ("I'm going to sober up") is also true. In other words, defendant seeks to prove the truth of the matter asserted (his desire for sobriety) to prove that he was using drugs at the time of his arrest, which meets the definition of hearsay. Whether defendant *actually* sobers up is irrelevant because defendant seeks to prove his *desire* to sober up as evidence of his drug use. As these statements are hearsay, they are not admissible unless an exception applies.

---

[5] Draft transcripts prepared by the defense for these clips are included in Appendix 1.

[6] The government does not oppose the introduction of Clips ##3 and 4. For those clips, draft transcripts prepared by the government are included in Appendix 2 for the Court's review.

4

These hearsay statements do not meet any exception. First, the statements are not the "declarant's then existing state of mind." Fed. R. Evid. 803(3). The state of mind exception is narrowly defined and limited to statements that are contemporaneous with the events at issue, among other things. *See United States v. Faust*, 850 F.2d 575, 585-86 (9th Cir. 1988). Here, the defendant's call at Clips #4 and 5 (USAO000363) occurred at 9:03 P.M. on August 15, 2023, approximately four hours after his arrest and after defendant had time to reflect on his actions. *See United States v. Miller*, 874 F.2d 1255, 1264 (9th Cir. 1989) (upholding exclusion of defendant's statement that occurred two hours after the event occurred because the length of time provided defendant a chance for reflection).

Second, defendant's statements reflecting his alleged desire to "sober up" are not statements against interest under Fed. R. Evid. 804(b)(3). Defendant claims that his statements "admitting that he was using drugs" subject him to criminal liability; however, defendant makes no such statement. Instead, he says he wants to "sober up," which is a self-serving statement and the opposite of a statement against his interest. *See Miller*, 874 F.2d at 1265 (affirming exclusion of tape give its "unreliable and self-serving nature"). In any event, a statement confirming defendant's addiction does not expose him to liability because the mere status of having an addiction to drugs is not a criminal offense. *See Robinson v. California*, 370 U.S. 660, 666-67 (1962) (striking down a state statute that made it a criminal offense to be addicted to narcotics). Defendant does not oppose the government's introduction of Clip #7, which must be admitted as a statement of a party opponent and is plainly relevant to defendant's conduct the day of his arrest.[7] Should defendant seek to present the jury with his narrative regarding the events of the day of his arrest, he must take the stand and be subject to cross-examination.

---

[7] Following the parties' meet and confer, the government agreed to play Clip #6, which is in the same call as Clip #7, as requested by defendant.

B.  **Defense Position Supporting Clips #4 & 5**

The clips the defense seeks to introduce are relevant and admissible because (1) they would counteract any government argument that when Mr. Fletes said he was "thugging and drugging," he was dealing drugs, (2) they are not hearsay, and (3) if they were, they are admissible as statements of a declarant's then-existing state of mind under Rule 803(3). Alternatively, they are admissible as declarations against self-interest under Rule 804(b)(3).

The government intends to introduce a statement from Mr. Fletes during another jail call that he was "over there drugging and shit. Thugging and drugging and shit," and will likely argue that this phrase means he was dealing drugs. The defense's offered statements thus become relevant to rebut that argument by suggesting that Mr. Fletes was using drugs, as evidenced by his stated desire to be sober.

They are not hearsay, which is a statement "a party offers . . . to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2). His statements avowing to get sober are not offered to prove the truth of the matters asserted. *See* Fed. R. Evid. 801. It does not matter if he actually intended to get sober. It only matters to show that, contrary to the government's argument about the meaning of "drugging and thugging," he was using drugs.

If any of the proffered statements are hearsay, all would still be admissible as statements of a declarant's then-existing state of mind, and statements describing physical and mental condition. *See* Fed. R. Evid. 803(3). The rule against hearsay does not exclude "a statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will." Fed. R. Evid. 803(3). "A statement of the declarant's intent to do something is competent not as a narrative of facts communicated to the declarant by others, nor yet as proof that actually did as he intended, but as evidence that he had the intention of so

6

doing." *United States v. Astorga-Torres*, 682 F.2d 1331, 1336–37 (9th Cir. 1982) (citing *Mut. Life Ins. Co. of New York v. Hillmon*, 145 U.S. 285, 296 (1892)).

      The Ninth Circuit examines three factors under this rule: contemporaneousness, chance for reflection, and relevance. *United States v. Faust*, 850 F.2d 575, 585 (9th Cir. 1988). Mr. Fletes's statements of his intent to get sober were made at the same time as the mental state or physical condition they describe, without chance for reflection, and are relevant to his defense. *See United States v. Ponticelli*, 622 F.2d 985, 991 (9th Cir. 1980), *overruled on other grounds by United States v. De Bright*, 730 F.2d 1255, 1259 (9th Cir. 1984) (en banc). Under the first factor, "the more time that elapses between the declaration and the period about which the declarant is commenting, the less reliable is his statement, because the greater chance there is that his memory is erroneous." *Id.* Mr. Fletes's statements of intent and his physical condition were made at the very moments he experienced those thoughts and conditions. Second, Mr. Fletes was arrested for on August 15, 2023 just after 5PM, and the conversations were recorded between about 9PM that night and 12PM the following afternoon; he had less than a day since his arrest to reflect, and even less time to reflect after the "drugging and thugging" comment. Also, he was not making these statements to law enforcement, but rather during jail calls to loved ones. If the government thinks "drugging and thugging" is reliable to show Mr. Fletes's state of mind in that circumstance, then these comments are, too. Third, Mr. Fletes's intent to get sober, and his description of his physical condition (e.g., "I don't feel my body") reflects upon his state of mind at the time, and refutes the government's argument that he was dealing drugs because he said "drugging and thugging."

      These statements are also admissible under hearsay exception 804(b)(3) as statements against interest. To admit such a statement, Mr. Fletes must be unavailable, which he is because of his Fifth Amendment privilege against self-incrimination. Fed. R. Evid. 804(a)(1) (witness is "unavailable" to testify if they are "exempted from testifying about the subject matter of the declarant's statement because the court rules

that a privilege applies"). The exception then requires two elements: "**(A)** a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability; and **(B)** is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability." Fed. R. Evid. 804(b)(3).

Both elements are satisfied here. First, admitting that he was using drugs would subject Mr. Fletes to criminal liability, as possession of such drugs is a crime, and so is being under the influence. *See* Cal. H&S Code §§ 11350 (Poss. of a Contr. Subst.) & 11550 (Under Infl./Use of Cont. Sub.) The government's expert will opine that drug dealers are often users. Thus, by the government's theory, these statements subject him to liability for the charges here, too. Second, these statements are trustworthy. When Mr. Fletes describes his desire to get sober, no one express surprise or shock. To the contrary, a loved one implored him to "stop" the "cycle" he described. This, plus the fact that he was speaking with apparent loved ones instead of law enforcement, corroborate these statements.

The government reads the holding in *Ortega* too broadly. In *Ortega*, the court considered whether the district court should have allowed the defendant to introduce exculpatory statements under the Rule of Completeness, the Confrontation Clause, as prior consistent statements under Rule 801(d)(1), or under the residual exception against the hearsay bar at Rule 807. *Ortega*, 203. F.3d at 682. The court's analysis does not address whether the statements at issue satisfied Rule 801(d)(1), but if they were, they would have been non-hearsay statements. Rather, the core of the court's analysis in *Ortega* was the propriety in admitting exculpatory hearsay statements through *other* rules, like the Rule of Completeness, the Confrontation Clause, or the residual exception. In other words, the statements at issue in *Ortega* had no other path

8

to overcome their hearsay status. It was in that context that the court found that "the non-self-inculpatory statements are inadmissible hearsay" and admitting them would have been "precisely what the hearsay rule forbids." *Id.* at 682 (quotations and citations omitted).

This case is different. For all the reasons described above, these statements either are not hearsay, or they satisfy an exception. Thus, they are not inadmissible hearsay, unlike the statements in *Ortega*. And *Ortega* cannot be read to say that even when a defendant's self-inculpatory statements satisfy a hearsay exception, they still cannot come in. That is not what *Ortega* said because that is not the issue *Ortega* addressed. Separately, it would not make sense for *Ortega* to say that because it would mean *no* self-inculpatory statement from any defendant could ever be introduced at trial. No Federal Rule of Evidence supports this. The rule makers know how to distinguish between the admissibility of evidence concerning a criminal defendant, versus other parties. *See* Fed. R. Evid. 609, 803(3), 804(3). If they wanted to make such a broad exclusion from the benefit of hearsay exceptions, they would have done so.

For these reasons, defense's proposed clips should be admitted at trial.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: November 10, 2024   By   */s/ Erin Murphy*
Erin Murphy
Deputy Federal Public Defender
Attorney for RICHARD RANDALL FLETES

DATED: November 10, 2024   By   */s/ Alexander Tran*
Alexander Tran
Assistant United States Attorney
U.S. Attorney